COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


BERNARD L. LEWIS

MEMORANDUM OPINION[*] BY

v.        Record No. 0744-05-4        JUDGE RUDOLPH BUMGARDNER, III
                                       APRIL 11, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

Jere M. H. Willis, III (Gayheart & Willis, P.C., on brief), for
appellant.

Richard B. Smith, Senior Assistant Attorney General (Judith
Williams Jagdmann, Attorney General, on brief), for appellee.


Bernard L. Lewis appeals his conviction of possession of cocaine. He contends the trial

court erred when it denied his motion to strike the evidence and permitted the Commonwealth to

reopen its case. Finding no error, we affirm.

While presenting its evidence, the Commonwealth moved to introduce the drugs that the

police seized and the certificate of analysis for the drugs. The defendant objected that the

Commonwealth had not established the chain of custody, and the trial court sustained the

objection. The Commonwealth introduced further evidence of the chain of custody. The

defendant again objected, but the trial court permitted the Commonwealth to recall the police

officer who had seized the drugs and taken them to the evidence locker. The Commonwealth

again moved to introduce the drugs and the certificate of analysis. The trial court admitted the

drugs into evidence, but did not refer to the certificate of analysis. The Commonwealth rested.

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The defendant moved to strike the evidence. He argued that the Commonwealth could not prove the drugs were cocaine because it had not introduced the certificate of analysis. The Commonwealth's attorney indicated that he had moved to introduce the certificate. The trial court stated it had no recollection of the motion to introduce the certificate of analysis, but it reviewed the record by having the court reporter replay the recording of the proceedings. The recording revealed that the Commonwealth had moved to introduce the certificate of analysis. Because the trial court had not heard the motion, it permitted the Commonwealth to reopen its case and introduce the certificate of analysis.

The defendant contends he was entitled to an acquittal because the Commonwealth had not proven the drugs were cocaine when he made his motion to strike. He maintains the trial court had no authority to do anything but grant his motion and relies upon Rule 3A:15(a).[1]

While Rule 3A:15(a) states the trial court *may* strike the evidence if it is insufficient, it does not follow that the only action the trial court could take was to rule immediately on that motion. "[T]he word 'may' 'is not mandatory but permissive and leaves the matter to the discretion of the trial court.'" Turner v. Commonwealth, 221 Va. 513, 521, 273 S.E.2d 36, 41 (1980) (quoting Harmon v. Commonwealth, 209 Va. 574, 580, 166 S.E.2d 232, 236 (1969)), rev'd on other grounds, Turner v. Murray, 476 U.S. 28 (1986).

The trial record reflected that the Commonwealth had moved to introduce both the drugs and the certificate of analysis for them. The trial court admitted the drugs but did not realize the motion also encompassed the certificate. It was reasonable, indeed most appropriate, for the trial

---

[1] Rule 3A:15(a) provides in part: "After the Commonwealth has rested its case or at the conclusion of all the evidence, the court on the motion of the accused may strike the Commonwealth's evidence if the evidence is insufficient as a matter of law to sustain a conviction."

court to verify its recollection of the motion by referring to the record of the proceedings. That revealed that the trial court had not ruled for or against the motion to admit the certificate.

The trial court corrected an inadvertent misunderstanding of the motion made by the Commonwealth before it had rested by permitting the Commonwealth to reopen its case and introduce the certificate. If the trial court had not corrected that misunderstanding, it would have rendered a decision that inaccurately reflected the issues raised at trial. "In the absence of a showing of prejudice, a trial court may, in the exercise of its discretion, permit the Commonwealth to reopen its case after it has rested and the defendant has moved to strike the evidence." Jackson v. Commonwealth, 255 Va. 625, 645, 499 S.E.2d 538, 550 (1998). The trial court properly exercised its discretion, and we affirm its decision.

Affirmed.